## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

WILSON O. McCURDY v. LAURA M. BORING and Joseph M. Williams.

(146 N. W. 730.)

**Services rendered — by person not near relation — agreement to pay — presumption of — compensation.**

1. In an action where a person not a near relative, or otherwise under a family or social obligation, renders valuable services at the instance and request of another, the presumption will arise of an agreement to pay the reasonable value of such services. Where, therefore, one leaves with another his horses, and instructs such other to sell them as best he can, a presumption will arise that the latter was intended to be compensated for such services.

**Authority to sell property — agency — selling with own property — notes in payment — division on accounting — cannot dictate — equity — court of.**

2. Where a person is authorized to sell the horses of another, and to take bankable notes therefor, and sells such horses in conjunction with his own, taking notes therefor covering sales which include the horses of both persons, he will not be allowed to dictate as to the division of the notes on an accounting, but a court of equity will divide them as appears to it proper and just.

**Deed — mortgage — action to have declared — answer — amount due — attorneys' fees — foreclosure.**

3. In an action to have a deed declared a mortgage and for an accounting,

27 N. D.—1.

and in which the answer admits that the deed is a mortgage and merely asks that the court determine the amount due thereon and on such accounting, no attorneys' fees for the foreclosure of such mortgage will be allowed, as such answer does not constitute "an action or proceeding" for the foreclosure of a mortgage, as the term is used in § 7176, Rev. Codes 1905.

**Evidence — findings — modified.**

4. Evidence reviewed, and findings of the trial court as to items of accounting modified.

Opinion filed February 3, 1914.

Appeal from the District Court of Stutsman County, *Burke, J.*

Action to quiet title, to have a deed declared a mortgage, and for an accounting. Findings and judgment for plaintiff and respondent. Modified.

Statement by BRUCE, J. This is an action to have a deed of real estate declared a mortgage, and for an accounting in relation to a number of transactions during which, and to secure which, the deed was given. The answer admits the claim as to the deed being a mortgage, and even goes so far as to ask for a foreclosure of the same and for the allowance of attorneys' fees. The controversy, therefore, is entirely over the matter of the accounting and the balance due the defendant or mortgagee thereon. The district judge found and adjudged that the plaintiff, Wilson O. McCurdy, had a fee title to, and was entitled to the possession of, the real estate in controversy; that the defendant Laura M. Boring had no right, title, interest, or lien or encumbrance in or to the same; and that the defendant Joseph M. Williams had no right, title, or interest in, or lien or encumbrance upon, said real estate, except a lien thereon for the payment of and to the extent of $723.18. He also ordered and adjudged that the defendant Joseph M. Williams was entitled to the possession of certain notes for $370, $403, $225, and $300, respectively, which were received in a series of transactions between the litigants and executed by outsiders. He further ordered, adjudged, and decreed that the plaintiff, Wilson O. McCurdy, was entitled to the possession of certain notes in the amount of $100, $100, $140, $52, $52, as well as of a certain horse. He further ordered and decreed a sale of the real estate to satisfy the mortgage or lien of

$723.18, but refused to allow any attorneys' fees, and ordered that no costs should be taxed except to the extent of $30, the fees allowed to the referee in the action, which were to be borne equally by the plaintiff, Wilson O. McCurdy, and the defendant Joseph M. Williams. The appeal is prosecuted by the defendant Joseph M. Williams alone, and a trial *de novo* is asked by him.

*Knauf & Knauf,* for appellant.

Appellant insist that in law and in all good conscience and equity the appellant is entitled to recover costs, disbursements, and attorneys' fees. Rev. Codes 1905, §§ 7176–7178; Brown v. Skotland, 12 N. D. 445, 97 N. W. 543.

*R. G. McFarland,* for respondent.

In an accounting the court will make application of the property in such a manner as is most in accord with justice and equity, and as will best protect the rights of both debtor and creditor. 30 Cyc. 1241, and cases cited.

This is not an action or proceeding having for its object the foreclosure of a mortgage, and hence the statutory attorneys' fees provided in such cases cannot be allowed. Rev. Codes 1905, §§ 7176, 7179; Brown v. Skotland, 12 N. D. 445, 97 N. W. 543; Knapp v. Edwards, 57 Wis. 191, 15 N. W. 140; 1 Enc. Pl. & Pr. 102, note 6; 1 Cyc. 449, div. g; 11 Cyc. 151, div. (11).

It is the rule that the findings of the trial court will not be disturbed when they have substantial support in the evidence, even though the evidence be conflicting. Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; Paulson v. Ward, 4 N. D. 100, 58 N. W. 792; Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717; Smith v. Jensen, 16 N. D. 408, 114 N. W. 306; James River Nat. Bank v. Weber, 19 N. D. 703, 124 N. W. 952.

Bruce, J. (after stating the facts as above). It is conceded that on August 3, 1907, the plaintiff, McCurdy, executed and delivered to the defendant Williams a promissory note for $540, secured by a mortgage on the real estate in controversy, and due November 20, 1908, with interest at 8 per cent per annum until due, and without any provision for interest after due. It is also established by the evidence, if not con-

ceded by respondent, that on September 10, 1908, the plaintiff mortgaged the real estate to Laura Boring to secure his indebtedness on the $540 note to the defendant Williams and on a $200 note to one John Knauf; and that on December 20, 1909, the said Laura Boring deeded the land in question to the defendant Williams; and that the said Williams agreed that his interest therein should be that of a mortgagee of the said plaintiff, McCurdy, for the purpose of securing the payment to him of the $540 note with interest, before mentioned, and the claim of the said John Knauf, which then amounted to $280.67, and which the defendant and appellant paid. The controversy ranges entirely over the question whether such mortgage was also intended to cover other debts which arose subsequently to the ones in question, and after the first conveyance to Laura Boring on August 1, 1907; and whether such debts were owing at all; also whether, at the time of the conveyance to Williams, the said Williams paid to the said Laura Boring the sum of $380 at the instance and request of the said plaintiff, McCurdy; and whether said mortgage was intended to secure the same; the disputed items being $650 with interest at 10 per cent from July 1, 1908; $380 with interest at 7 per cent from December 20, 1909; $72 with interest at 7 per cent from April 1, 1910; $51.20 with interest at 7 per cent from April 3, 1910; $44.50 with interest at 7 per cent from April 30, 1909; $48 with interest at 7 per cent from December 20, 1909; $35 with interest at 7 per cent from March 30, 1909.

In regard to the $380 item, which it is alleged the defendant Williams paid to Laura Boring at the request of the plaintiff, on December 20, 1909, there is an irreconcilable conflict in the testimony. Laura Boring and the defendant Williams swear one way, and the plaintiff, McCurdy, swears the other. Laura Boring was a confidential clerk of the defendant Williams. The trial judge had the opportunity of seeing these witnesses face to face, and of studying their demeanor upon the witness stand. This opportunity we have not had. Our conclusions in the matter would be a mere guess, and we therefore affirm the holding of the trial court, who chose to credit the plaintiff, and to hold that the money was not paid at all, or if paid was not paid with the consent of the plaintiff so as to be binding upon him.

The same is true of the $650 note. The defendant Williams claims that it was given for money advanced and horses sold. The plaintiff,

McCurdy, on the other hand, claims that it was without any consideration, and was given to cover up the 1908 crop, so that it could not be taken by his other creditors, and was given although the crop was already covered by a chattel mortgage securing a note for $352, dated March 8, 1907, which later was taken up and superseded by the real estate mortgage for $540, dated August 3, 1907, and before referred to. Defendant's counsel seeks to prove that this statement is false, by showing that the chattel mortgage of March 8, 1907, securing the note of $352, covered not merely the crop, but horses and stock. We see nothing, however, in this point, as, even if the note was afterwards taken up by the note for $540, before mentioned, the temptation to secure the crop from creditors would still remain. The reason given for the new mortgage was that when the first one was given, the crop had not been planted and had no potential existence. The mortgage and note, in short, in our opinion, were fraudulent, and both parties participated in the fraud. If the plaintiff was seeking to rely thereon, we, perhaps, would give him no relief, as his hands might not be clean. It is the defendant, however, who is seeking to prove this mortgage in his accounting, so there is no reason why the plaintiff should be charged therewith even though the transaction was fraudulent.

We are, on the other hand, however, fully satisfied that the defendant is entitled to the commission of $51.20 with interest at 7 per cent from April 1, 1910, and $44.50 with interest at 7 per cent from April 1, 1909; also to the $72 with interest at 7 per cent from April 1, 1910, claimed for wintering the stock. The rule is elementary that if a person not a near relative, etc., renders valuable services at the instance and request of another, a presumption will arise of an agreement to pay the reasonable value of such services. It would serve no useful purpose to recite the evidence at length here, and it is sufficient for us to say that we are quite satisfied that, though the defendant Williams had chattel mortgages upon the horses of plaintiff and a mortgage upon his real estate, a running account was had between them, and both parties were interested in covering up the property so that they might be secure from the attacks of other creditors. The chattel mortgages, therefore, were never foreclosed, nor was there ever at any time any intention or effort to sell the horses thereunder, nor to sell at sheriff's sale or for cash to the highest bidder. Plaintiff merely left his horses with the

defendant, protected as they were by the chattel mortgages from the attacks of other creditors, and told the defendant to sell them as best he could, and authorized him to take bankable paper in his own name (and this to escape garnishment), but subject to an accounting between them. If plaintiff should be allowed the privilege of an accounting against the defendant at all in a case of this kind, where the transaction seems hardly to bear the earmarks of honesty as regards other creditors, he should certainly be charged with the commissions in question.

As far as the $72 item for the feed and care of the horses is concerned, the same considerations apply. As we read even plaintiff's own evidence, the horses were left with the defendant to be sold, and an agrement to pay the reasonable cost of their keep would be implied.

As far as the alleged loans of $48 and $35 respectively by the defendant to the plaintiff are concerned, there is a conflict of evidence. The evidence of the defendant, however, seems to be corroborated by other witnesses, and we cannot help believing that the weight of this evidence was upon his side. We therefore allow him these items.

On the other hand, we find in the proof and the pleadings no foundation for the allowance of $100 to the defendant Williams for expenses and compensation. We hold, indeed, that the allowance of the commissions and the $72 for the keeping of the horses is all that the proof and the pleadings sustain.

We find no fault with the disposition made by the trial court of the various notes. Defendant chose to mingle the transactions with his own, and to take notes covering mixed transactions in which he himself was interested. He can hardly dictate as to the division. We are quite satisfied that the application made by the trial court was both proper and just.

We are of the opinion that the trial court was justified in refusing the allowance of attorneys' fees in this case. It is not a case in which § 7176, Rev. Codes 1905, applies. The defendant Williams at no time commenced "an action or proceeding" for the foreclosure of his mortgage. The plaintiff asked to have the deed declared a mortgage, and at the same time for an accounting. The answer admitted the fact that the deed was a mortgage, but at no time asked for its foreclosure. All that he demanded judgment for was that "said deed be declared a

mortgage, securing said debts, and that (2) the court determine the amount due this defendant from said plaintiff in accordance with the foregoing answer and as set forth therein, and declaring the same to be due thereunder; (3) for attorneys' fees in the sum of $150, and for his costs and disbursements, and for such other and further relief as may seem meet and just."

We are satisfied, indeed, that the trial court erred in peremptorily decreeing a sale of the premises for the amount found by him to be due. The deed or mortgage was given to secure a running account, which was in dispute between the parties. An accounting seemed to be necessary, and no sale of the property or foreclosure of the mortgage could or should have been decreed until (1) the deed had been found to be a mortgage; (2) the amount owing had been ascertained; (3) an opportunity to pay the amount had been afforded.

The judgment of the district court is in all things sustained, save and except that the said land is decreed to be subject to a lien of $818 with interest thereon at 7 per cent from the 30th day of November, 1910, instead of $723.18, as found by the trial court. In place, also, of a foreclosure of the said mortgage being decreed, the said amount of $818 is hereby decreed to be a lien upon said land, which, if not paid within 30 days from the handing down of the remittitur herein, may be enforced by a sale of the property under special execution. The costs of this appeal will be borne by plaintiff and respondent.

BURKE, J., being disqualified, did not participate.

## On Petition for Rehearing.

BRUCE, J. On the rehearing in this case, we have carefully reviewed the evidence in regard to the $380 and the $650 items. We now are of the opinion that the contention of the appellant in regard to these transactions should be sustained. We find, indeed, that the testimony of the defendant Williams is quite strongly corroborated by that of Laura Boring, Henry Boring, and Fulton I. Kaufman. This testimony we cannot ignore in examining the record as we now do, and are compelled by the statute to do on a trial *de novo,* and without the chance or opportunity of watching the demeanor of the witnesses upon the stand,

and of forming an estimate as to their honesty except as it appears upon the printed record.

Our faith, too, in the judgment of the trial court in the present case, is much shaken by the disclosure of the record that he was called away at the beginning of the taking of the testimony, and only heard that which was most disadvantageous to the appellant, the testimony as a whole being merely read to him by the stenographer.

We now therefore credit the appellant with the two items of $380 and $650 and the interest thereon, and decree the land to be subject to a lien of $2,010.22, with interest thereon at 7 per cent per annum from the 30th day of November, 1910, instead of $818, as heretofore decreed by us, and of $723.18, as decreed by the trial court. If this sum is not paid within thirty days from the handing down of the remittitur herein, a sale of the property may be enforced under special execution. The costs of this appeal will be borne by plaintiff and respondent.